Argued and submitted July 10, the judgment of the Oregon Tax Court affirmed
November 26, 1990

# Edward R. CHADWICK,
*Appellant,*

*v.*

# Linda ALEXANDER,
## Multnomah County Tax Collector;
## Department of Revenue;
## Portland Development Commission,
### an agency of the City of Portland,
*Respondents.*

## (OTC 2873; SC S36662)

801 P2d 797

Gregory J. Howe, Portland, argued the cause and filed briefs for appellant.

Peter R. Mersereau, Portland, argued the cause for respondents Linda Alexander and Portland Development Commission. On the brief were Peter R. Mersereau and Oliver

I. Norville, of Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland, on behalf of Portland Development Commission; and Laurence Kressel, County Counsel for Multnomah County, and Paul G. Mackey, Assistant County Counsel for Multnomah County, Portland, on behalf of Linda Alexander.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent Department of Revenue. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

UNIS, J.

**UNIS, J.**

The issue in this case is whether plaintiff (taxpayer) may challenge, in the Oregon Tax Court (tax court), information placed and not placed on his property tax statement by the Multnomah County tax collector. The tax court dismissed taxpayer's complaint, which sought a declaratory judgment, on the ground that taxpayer had failed to exhaust administrative remedies. We affirm the tax court's judgment, but on a different ground.

Taxpayer owns property in an urban renewal area in Portland. In 1988, he received a tax statement for the 1988-89 tax year from the Multnomah County tax collector. The statement listed various taxing districts that levied taxes on his property and the percentages and amounts of the taxes disbursed to each of those districts. The Portland Development Commission (commission) was not listed as one of the taxing districts.

Without first having asked for any relief from the Department of Revenue (department), taxpayer filed a complaint in the tax court, seeking a declaratory judgment under ORS chapter 28 as to whether the Multnomah County tax collector "abused her discretion by sending [him] a false and misleading tax statement." Specifically, taxpayer alleged that the tax statement was false and misleading, because (1) it failed to list the commission as a taxing district or provide the percentage and amount of tax levied by the commission, and (2) it disclosed erroneous figures regarding the percentages and amounts paid to the listed taxing districts. Alternatively, taxpayer's complaint sought a determination whether the tax statement that he received "violate[d his] rights guaranteed by Article I, section 20, of the Oregon Constitution."

The department moved to dismiss taxpayer's complaint. It contended that, pursuant to ORS 305.275,[1] taxpayer

---

[1] ORS 305.275 provides in relevant part:

"(1) Any person aggrieved by an act or omission of:

"* * * * *

"(d) A tax collector,

"which affects the property of the person and for which there is no other statutory right of appeal, may appeal to the Director of the Department of Revenue in the

had to exhaust available administrative remedies before he could seek a remedy in the tax court. The department argued that, although the act or omission by the Multnomah County tax collector alleged in taxpayer's complaint "may or may not affect [taxpayer's] property," the statutory scheme governing the tax court suggests that the department must make that determination before taxpayer could proceed to the tax court.

In response, taxpayer asserted that the administrative procedures outlined in ORS 305.275 were not available to him, because the "tax collector's refusal to disclose certain information on [taxpayer's] tax statement does not affect [taxpayer's] property." Taxpayer maintained that he could, therefore, seek relief directly under the declaratory judgment provisions of ORS chapter 28, which, he contended, imposes no statutory requirement of exhausting administrative remedies.

The tax court disagreed with taxpayer and dismissed his complaint. After reviewing the "administrative statutes" governing the department, the tax court concluded:

> "[I]f a taxpayer is seeking an interpretation of a tax statute or rule, as plaintiff is here, he must first request an interpretation from the department. If the department refuses, or gives an interpretation contrary to what the taxpayer believes to be correct, the taxpayer can then appeal to this court. The taxpayer may not, as plaintiff has here, simply assume that the department's interpretation would be inconsistent with the taxpayer's."

From the judgment of the tax court, taxpayer appealed to this court pursuant to ORS 305.445.

The tax court did not address taxpayer's standing to seek declaratory relief in that court.[2] ORS 28.020 provides in

---

manner provided by this section.

"* * * * *

"(4) Except as provided in ORS 118.350 and 305.410, no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

[2] Defendants Linda Alexander, the Multnomah County Tax Collector, and the Portland Development Commission questioned taxpayer's standing to seek declaratory relief in a motion to dismiss, thus preserving the issue for review on appeal. ORAP 5.45(2).

part:

> "Any person * * * whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such * * * constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

This court has stated that the reference in ORS 28.020

> "to an effect on 'rights, status or other legal relations' requires a plaintiff seeking declaratory relief to allege 'some injury or other impact on a legally recognized interest beyond an abstract interest in the correct application or the validity of a law.'"

*Eckles v. State of Oregon,* 306 Or 380, 385, 760 P2d 846 (1988), *appeal dismissed,* 490 US 1032, 109 S Ct 1928, 104 L Ed 2d 400 (1989) (quoting *Budget Rent-A-Car v. Multnomah Co.,* 287 Or 93, 95, 597 P2d 1232 (1979)). When a taxpayer relies on his or her status as a taxpayer to establish standing under ORS 28.020, the complaint must show a present or foreseeable financial interest; that is, the taxpayer must allege that the challenged government action actually or potentially affects the taxpayer's taxes adversely. *Gruber v. Lincoln Hospital District,* 285 Or 3, 7-8, 588 P2d 1281 (1979).

In this case, taxpayer failed to allege any interest sufficient to establish standing under ORS chapter 28. Taxpayer contends that "it is his right as a property taxpayer in Multnomah County to receive a tax statement that is not false and misleading." He concedes, however, that the content of the property tax statement that he received caused him no actual or potential financial harm. Instead, taxpayer claims only that he has "a legally recognized interest in the truth." Although laudable, such a claim reduces taxpayer's complaint to one that alleges only "an abstract interest in the correct application or the validity of a law."

Taxpayer has failed to allege that the information contained in, or omitted from, his property tax statement actually or potentially affected his taxes adversely. We hold, therefore, that taxpayer has no standing to seek a declaratory judgment in this proceeding under ORS chapter 28. Because taxpayer lacked standing to seek declaratory relief, the tax

court's dismissal of the complaint was proper. We need not decide whether taxpayer was required to exhaust administrative remedies as a precondition to seeking declaratory relief in the tax court.

The judgment of the Oregon Tax Court is affirmed.